UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 05-1499 (ESH) |
| MIKE NELSON COMPANY, INC. | ) ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM OPINION

Before the Court is plaintiff's motion for entry of default judgment. This case is an action for legal and equitable relief under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. § 1145. Defendant was served with the complaint on August 10, 2005, but have not appeared or responded. Default was entered by the Clerk of Court on September 6, 2005. Plaintiff has moved for entry of default judgment pursuant to Fed. R. Civ. P. 55(b)(2).[1]

The determination of whether default judgment is appropriate is committed to the discretion of the trial court. *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980). For default judgment, defendant must be considered a "totally unresponsive" party and its default plainly willful, reflected by its failure to respond to the summons and complaint, the entry of default, or the motion for default judgment. *Gutierrez v. Berg Contracting Inc.*, 2000 WL 331721, *1

---

[1] The Court has jurisdiction over this matter pursuant to 29 U.S.C. § 1132(e)(1), and venue is proper under 29 U.S.C. § 1132(e)(2). The Court has jurisdiction over defendant pursuant to 29 U.S.C. § 1132(e)(2) and Fed. R. Civ. P. 4(k)(1)(D).

(D.D.C. March 20, 2000) (citing *Jackson*, 636 F.2d at 836). Given "the absence of any request to set aside the default or suggestion by the defendant that it has a meritorious defense," it is clear that the standard for default judgment has been satisfied. *Id.*

Although the default establishes a defendant's liability, the Court makes an independent determination of the sum to be awarded in the judgment unless the amount of damages is certain. *Adkins v. Teseo*, 180 F. Supp. 2d 15, 17 (D.D.C. 2001). Pursuant to 29 U.S.C. § 1132(g)(2), the Court shall award plaintiff: (A) the unpaid contributions; (B) interest on the unpaid contributions; (C) an amount equal to the greater of (i) interest on the unpaid contributions, or (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under federal or state law) of the amount determined by the court under subparagraph (A); (D) reasonable attorney's fees and costs of the action, to be paid by the defendant; and (E) such other legal or equitable relief as the court deems appropriate.

Plaintiff has filed the declarations of Thomas C. Montemore, Assistant to the Fund Administrator of the International Painters and Allied Trades Union and Industry Pension Fund ("Pension Fund" or "Fund") and Sanford G. Rosenthal, Esq., in support of the motion for default judgment. Based on the declarations and the exhibits to plaintiff's motion, the Court finds that plaintiff has established damages in the amount of $28,965.14 in unpaid contributions to the Fund for the period February 2005 to June 2005, pursuant to 29 U.S.C. § 1132(g)(2)(A); $530.89 in interest on those unpaid contributions, pursuant to 29 U.S.C. § 1132(g)(2)(B); and $5,793.02 for liquidated damages assessed on delinquent contributions, pursuant to 29 U.S.C.

§ 1132(g)(2)(C)(ii). [2] In addition, plaintiff is entitled to $2,407.92 in attorneys' fees and costs for the period May 2005 through September 2005, pursuant to 29 U.S.C. § 1132(g)(2)(D). The Court further finds that plaintiff is entitled to $236.19 in late charges for late payments made from December 2004 through February 2005, pursuant to 20 U.S.C. § 1132(g)(2)(E).

Also pursuant to 29 U.S.C. § 1132(g)(2)(E), the Court may award plaintiff equitable relief as appropriate. Plaintiff requests that defendant file complete, proper, and timely remittance reports with the accompanying pension contributions for those periods defendant is obligated to do so under the collective bargaining agreement. Because the reports, as well as access to defendant's records, are necessary to ensure defendant's compliance with its contractual obligations, the Court believes such relief is appropriate.[3]

Therefore, judgment will be entered for plaintiff in the amount of $37,933.16, pursuant to 29 U.S.C. § 1132(g)(2). A separate order of judgment will accompany this opinion.



s/
ELLEN SEGAL HUVELLE
United States District Judge

Date: September 19, 2005

---

[2] Because defendant failed to submit the required remittance report for the month of July 2005, plaintiff has estimated the amount of contributions owed for that month. The Court finds plaintiff's calculations reasonable and accurate and has therefore included the estimated amount for July 2005 in the sum of liquidated damages.

[3] Plaintiff's request for a prospective award in the form of possible costs and fees is denied.